# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| CATHY S. CONAWAY, individually ) <br> and in her capacity as the ) <br> CONSERVATOR of BETTY L. ) <br> SANKS, and SANKS ENTERPRISES, ) <br> INC. ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> H&R BLOCK EASTERN ) <br> ENTERPRISES, INC., ) <br> ) <br> Respondent. ) | MC416-011 <br><br> (Pending in the United States District Court for the Western District of Missouri, 4:16-cv-206) |

## ORDER

Cathy S. Conaway, individually and as conservator for her mother, joined with Sanks Enterprises, Inc. (SEI) -- her mother's tax-preparation business -- in moving to partially quash subpoenas arising out of *H&R Block Eastern Enterprises, Inc. v. Sanks*, CV416-206 (W.D. Mo.) ("*Sanks*" litigation). MC416-011, doc. 1, *as amended*, doc. 2. H&R Block (HRB), which filed *Sanks* against her brother Claude Sanks for defrauding it and thus wants SEI-related documents from Cathy, opposed. MC416-011, doc. 3. In its last Order, the Court announced its inclination to rule in HRB's favor but abstained until

movants could find new counsel to replace their original, who withdrew. *Conaway v. H & R Block Eastern Enterprises, Inc.*, ___ F.Supp.3d ___, 2017 WL 626759 at *4 (S.D. Ga. Feb. 15, 2017).

Now fully represented, movants renew their motion to quash. Doc. 21. The parties, movants claim,

> have resolved many areas of dispute over the subpoenas as they were originally tendered. However, disputes remain with respect to information sought by HRB relating to (i) personal financial information of Mrs. Conaway and her mother, Betty C. Sanks, for whom Mrs. Conaway acts as Conservator and Guardian; and, (ii) the financials, customers, and employees of the Company, a corporation of which Betty C. Sanks is the sole shareholder.

Id. at 2.

Many of movants' concerns turn on disclosing proprietary information to a competitor. Doc. 21 at 7 (objecting to Subpoena Request 10 because "HRB is using its litigation with [Claude] to obtain detailed financial information concerning a competitor of HRB's in the Savannah market."). In that regard,

> [c]ourts can quash or limit (e.g., via protective order) a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). But "there is no absolute privilege for trade secrets and similar confidential information." *Festus & Helen Stacy Found., Inc. v. Merrill Lynch, Pierce Fenner, & Smith Inc.*, 432 F. Supp. 2d 1375, 1380 (N.D. Ga. 2006) (quoting *Fed Open*

2

*Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979)). Instead, "courts weigh the claim to privacy against the need for disclosure, and commonly enter a protective order restricting disclosure." *Festus & Helen*, 432 F. Supp. 2d at 1380. Such an order may require that "a trade secret or other confidential ... commercial information ... be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

*Herrera-Velazquez v. Plantation Sweets, Inc.*, 2015 WL 5613195 at * 5 (S.D. Ga. Sept. 23, 2015). In such cases the parties should show the Court, before resorting to it, why a protective order can't be hammered out to cover such concerns.

Other objections go to HRB's request for documents that are "sufficient to show" the existence of something like revenue levels, (Subpoena Request 10, doc. 21 at 7), or the relationship between corporate entities (Subpoena Request 13, doc. 21 at 9). That's objectionable because it's not only inherently vague, but essentially asks another to engage in work product -- assemble enough documents/data *sufficient* to prove something exists, crosses a legal threshold, etc. At most a requestor can seek documents evidencing, reflecting, or relating to a fact, *not* "sufficient to show" its existence or effect (a trap for the unwary if ever there was one).

3

In any event, the Court shares these guiding principles while extending HRB's response brief due date to April 5, 2017, to facilitate the parties' further conference. *Hernandez v. Hendrix Produce, Inc.*, 2014 WL 953503 at *1 (S.D. Ga. Mar. 10, 2014) (this Court applied the duty to confer requirement in the Rule 45 context; citing *St. Johns Ins. Co. v. Nautilus Ins. Co.*, 2008 WL 1897572 at * 1 (M.D. Fla. Apr. 28, 2008) (applying duty to confer obligation to motions to quash and to compel in a subpoena-based discovery dispute)). Put another way, the parties shall in good faith (at least by phone if not in person) attempt to resolve movant's objections without further Court involvement. Fees will be assessed for any bad faith shown.

**SO ORDERED**, this 15th day of March, 2017.

*/s/ JR Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA